JAMES CLARKSON
ACTING REGIONAL DIRECTOR
Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
3 World Financial Center – RM 400
New York, NY 10281
(212) 336-1020

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/12/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,

                      Plaintiff,

                - against -                    08 Civ. 10791 (LLS)
                                         ECF CASE

BERNARD L. MADOFF and
BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                    Defendants.

-------------------------------------------------------------------x

### ORDER TO SHOW CAUSE, TEMPORARY RESTRAINING ORDER, AND ORDER FREEZING ASSETS AND GRANTING OTHER RELIEF

On the Emergency Application of Plaintiff Securities and Exchange Commission (the "Application") for an Order and upon consent of Defendants Bernard L. Madoff ("Madoff") and Bernard L. Madoff Investment Securities LLC ("BMIS") (collectively, "Defendants") to an Order:[1]

---

[1] Defendants consent to this Order in its entirety, except that they do not object and otherwise take no position on the portion of Section XII below temporarily enjoining any third party other than the Securities Investor Protection Corporation from filing a bankruptcy proceeding against the Defendants without filing a motion on at least three (3) days' notice to the Plaintiff, and approval of this Court after a hearing.

1. directing Madoff and BMIS to show cause why an order should not be entered, pending a final disposition of this action:

    a. preliminarily enjoining Defendants from violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-6(1) and (2); Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77q(a); Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b), and Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5.

    b. directing Defendants to provide a verified accounting immediately, including, but not limited to, a verified written accounting of Madoff's interests in BMIS and all other entities owned, in whole or in part, or controlled by, related to, or associated or affiliated with, Madoff or BMIS;

    c. freezing the assets of the Defendants;

    d. appointing Lee Richards as receiver for BMIS' assets;

    e. prohibiting the destruction, concealment, or alteration of documents by Defendants; and

    f. preliminarily enjoining Defendants and their partners, owners, agents, employees, attorneys, or other professionals, anyone acting in concert with them, and any third party from filing a bankruptcy proceeding against the Defendants without filing a motion on at least three (3) days' notice to the

Plaintiff, and approval of this Court after a hearing; and

2. pending adjudication of the foregoing, an Order

   a. temporarily restraining Defendants from violating the aforementioned statutes and rules;

   b. directing Defendant Madoff to provide a verified accounting immediately, including, but not limited to, a verified written accounting of Madoff's interests in BMIS and all other entities owned, in whole or in part, or controlled by, related to, or associated or affiliated with, Madoff or BMIS;

   c. freezing the assets of the Defendants, including, without limitation, the accounts listed on the attached Exhibit A;

   d. appointing Lee Richards, Esq., of Richards Kibbe & Orbe LLP as receiver for the Defendants' assets, including without limitation Madoff Securities International Ltd. ("Madoff International") and Madoff Ltd.;

   e. prohibiting the destruction, concealment, or alteration of documents by Defendants;

   f. temporarily restraining Defendants and their partners, owners, agents, employees, attorneys, or other professionals, anyone acting in concert with them, and any third party from filing a bankruptcy proceeding against the Defendants without filing a motion on at least three (3) days' notice to the Plaintiff, and approval of this Court after a hearing; and

   g. providing that the Commission may take expedited discovery in

preparation for a hearing on this Order to Show Cause, and further providing that the order expediting discovery will remain in place beyond any hearing on the Commission's application for preliminary injunctions.

The Court has considered (1) the Complaint filed by the Commission on December 11, 2008; (2) the sworn statement of Theodore Cacioppi, executed December 11, 2008; (3) the Declaration of Alex Vasilescu Pursuant to Local Rule 6.1, executed December 11, 2008; and (4) the memorandum of law in support of the Application. Based upon the foregoing documents, the Court finds that a proper showing, as required by Sections 20(b) of the Securities Act, Section 21(d) of the Exchange Act, and Section 209 of the Advisers Act has been made for the relief granted herein, for the following reasons:

It appears from the evidence presented that Defendants have violated, and, unless temporarily restrained, will continue to violate, Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act, Exchange Act Rule 10b-5, and Sections 206(1) and 206(2) of the Advisers Act, as charged in the Complaint.

It appears from the evidence presented that certain ill-gotten gains derived from the Defendants' fraudulent conduct have been deposited into the accounts of BMIS and/or Madoff's personal accounts.

It appears from the evidence presented that BMIS is under the control of Madoff, its founder.

It appears that Defendants may attempt to dissipate or transfer from the jurisdiction of this Court, funds, property and other assets that could be subject to an order of disgorgement or an order imposing civil penalties.

It appears that an order freezing Defendants' assets, as specified herein, is necessary to preserve the status quo, and to protect this Court's ability to award equitable relief in the form of disgorgement of illegal profits from fraud and civil penalties, and to preserve the Court's ability to approve a fair distribution for victims of the fraud.

It appears that an order requiring Defendants to provide a verified accounting of all assets, money and property held directly or indirectly by the Defendants, or by others for Defendants' direct and indirect beneficial interest is necessary to effectuate and ensure compliance with the freeze imposed on the Defendants' assets.

It appears that an order prohibiting Defendants and their partners, agents, employees, attorneys, or other professionals, anyone acting in concert with them or on their behalf, and any third party, from filing a bankruptcy proceeding against the Defendants without filing a motion on at least three (3) days' notice to the Plaintiff, and approval of this Court after a hearing, is necessary to preserve the status quo and to preserve the Court's ability to approve a fair distribution for victims of the fraud.

It appears that the appointment of a receiver for the assets of BMIS is necessary to (i) preserve the status quo, (ii) ascertain the extent of commingling of funds between Madoff and BMIS; (iii) ascertain the true financial condition of BMIS and the disposition of investor funds; (iv) prevent further dissipation of the property and assets of BMIS; (v) prevent the encumbrance

or disposal of property or assets of BMIS and the investors; (vi) preserve the books, records and documents of BMIS; (vii) respond to investor inquiries; (viii) protect the assets of BMIS from further dissipation; (ix) determine whether BMIS should undertake bankruptcy filings; and (x) determine the extent to which the freeze should be lifted as to certain assets in the custody of BMIS.

Good and sufficient reasons have been shown why procedure other than by notice of motion is necessary.

This Court has jurisdiction over the subject matter of this action and over Defendants, and venue properly lies in this District.

**NOW, THEREFORE,**

I.

**IT IS HEREBY ORDERED** that the Defendants show cause, if there be any, to this Court at 12:00 p.m. on Friday, December 19, 2008, in Courtroom 21C of the United States Courthouse, 500 Pearl Street, New York, New York 10007-1312, why this Court should not enter an Order pursuant to Rule 65 of the Federal Rules of Civil Procedure, Section 20 of the Securities Act, Section 21 of the Exchange Act, and Section 209 of the Advisers Act preliminarily enjoining Defendants from violating Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act, Exchange Act Rule 10b-5, and Sections 206(1) and 206(2) of the Advisers Act.

II.

**IT IS FURTHER ORDERED** that Defendants show cause at that time why this Court

should not also enter an Order directing that, pending a final disposition of this action, Defendants, and each of their financial and brokerage institutions, agents, servants, employees, attorneys, and those persons in active concert or participation with either of them who receive actual notice of such Order by personal service, facsimile service, telephonic notice, notice by e-mail, or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of, held by, or under the direct or indirect control of, Defendants, whether held in the name of Madoff, BMIS, Madoff International or Madoff Ltd. or for the direct or indirect beneficial interest of one or both of them, wherever situated, in whatever form such assets may presently exist and wherever located, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of Defendants, to hold or retain within its control and prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds or other properties, including, but not limited to: (1) all assets, funds, or other properties held in the name of, held by, or under the control of one or both of the Defendants; (2) all accounts in the name of Madoff or BMIS or on which Madoff is a signatory, including the accounts listed on the attached Exhibit A; (3) all artwork, property, motor vehicles, jewelry and other items of personalty held in the name of, held by, or under the control of Madoff or BMIS; and (4) all real property held in the name of, held by, or under the control of Madoff or BMIS.

### III.

**IT IS FURTHER ORDERED** that Defendants show cause at that time why this Court should not also enter an Order enjoining them, and any person or entity acting at their direction or on their behalf, from destroying, altering, concealing or otherwise interfering with, the access of the Plaintiff Commission to any and all documents, books and records, that are in the possession, custody or control of Defendants, and each of their partners, agents, employees, servants, accountants, financial or brokerage institutions, attorneys-in-fact, subsidiaries, affiliates, predecessors, successors and related entities that refer, reflect or relate to the allegations in the Complaint, including, without limitation, documents, books, and records referring, reflecting or relating to Defendants' finances or business operations, or the offer or sale of securities by Defendants and the use of proceeds therefrom.

### IV.

**IT IS FURTHER ORDERED** that the Defendant show cause at that time why this Court should not also enter an Order continuing the appointment of Lee Richards, Esq., of Richards Kibbe & Orbe LLP as receiver for BMIS' assets, including, without limitation, the assets of Madoff International and Madoff Ltd.

### V.

**IT IS FURTHER ORDERED** that Defendants show cause at that time why this Court should not also enter an Order preliminarily enjoining Defendants and their partners, agents, employees, attorneys, or other professionals, anyone acting in concert with them or on their behalf, and any third party, from filing a bankruptcy proceeding against the Defendants without

filing a motion on at least three (3) days' notice to the Plaintiff, and approval of this Court after a hearing.

## VI.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Application, Defendants, and each of their partners, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, telephonic notice, notice by e-mail or otherwise, are temporarily restrained from, directly or indirectly, singly or in concert, in the offer, purchase or sale of any security, by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

   a.  employing any device, scheme or artifice to defraud;

   b.  obtaining money or property by means of an untrue statement of material fact or omitting to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading; and

   c.  engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon the purchaser,

in violation of Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act, and Rule 10b-5 thereunder.

## VII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Application, Defendants, and each of their partners, agents, servants, employees, and attorneys,

and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, telephonic notice, notice by e-mail or otherwise, are temporarily restrained from, directly or indirectly, singly or in concert, by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

a. employing any device, scheme or artifice to defraud any client or prospective client;

b. engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon any client or prospective client,

in violation of Sections 206(1) and 206(2) of the Advisers Act.

## VIII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Application, Defendants, and each of their financial and brokerage institutions, agents, servants, employees, attorneys, and those persons in active concert or participation with either of them who receive actual notice of such Order by personal service, facsimile service, telephonic notice, notice by e-mail, or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of, held by, or under the direct or indirect control of Madoff or BMIS, whether held in the name of Madoff, BMIS, Madoff International or Madoff Ltd. for the direct or indirect beneficial interest of either of them, wherever situated, in whatever form such assets may

presently exist and wherever located, and direct each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of Defendants to hold or retain within its control and prohibit the withdrawal, removal, transfer or other disposal of, any such assets, funds or other properties, including, but not limited to: (1) all assets, funds, or other properties held in the name of, held by, or under the control of one or both of the Defendants; (2) all accounts in the name of Madoff or BMIS or on which Madoff is a signatory, including, without limitation, the accounts listed on Exhibit A; (3) all artwork, property, motor vehicles, jewelry and other items of personalty held in the name of, held by, or under the control of Madoff or BMIS; and (4) all real property held in the name of, held by, or under the control of Madoff or BMIS.

## IX.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction:

1. Defendants shall each file with this Court and serve upon Plaintiff, two days prior to the hearing on the Commission's Application for a Preliminary Injunction, a verified written accounting, under penalty of perjury, of:

   a. All assets, liabilities and property currently held, directly or indirectly, by or for the benefit of one or both Defendants, including, without limitation, bank accounts, brokerage accounts, investments, business interests, loans, lines of credit, and real and personal property wherever situated, describing each asset and liability, its current location and amount;

11

b.  All money, property, assets and income received by one or both Defendants, or for the direct or indirect benefit of one or both Defendants, at any time through the date of such accounting, describing the source, amount, disposition and current location of each of the items listed;

c.  The names and last known addresses of all bailees, debtors, and other persons and entities that currently are holding the assets, funds or property of Madoff or BMIS; and

d.  All assets, funds, securities, and real or personal property received by Madoff, BMIS, or any other person or entity controlled by Madoff, from persons who provided money to him or at his direction in connection with the offer or sale of any securities by him at any time to the date of the accounting, and the disposition of such assets, funds, securities, real or personal property; and

The Defendant shall serve such verified written accountings by hand delivery, facsimile transmission, email or overnight courier service on the Commission's counsel, Alex Vasilescu, Esq., Securities and Exchange Commission, 3 World Financial Center, Room 400, New York, NY 10281, vasilescua@sec.gov.

## X.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, Defendants, and any person or entity acting at their direction or on their behalf, be and hereby are (1) enjoined and restrained from

destroying, altering, concealing or otherwise interfering with the access of Plaintiff Commission to any and all documents, books, and records that are in the possession, custody or control of Defendants and each of their partners, agents, employees, servants, accountants, financial or brokerage institutions, or attorneys, subsidiaries, affiliates, predecessors, successors and related entities that refer, reflect or relate to the allegations in the Complaint, including, without limitation, documents, books and records referring, reflecting or relating to Defendants' finances or business operations.

## XI.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, Lee Richards, Esq., of Richards Kibbe & Orbe LLP is appointed as receiver for the assets of BMIS, including, without limitation, the assets of Madoff Securities International Ltd. ("Madoff International") and Madoff Ltd. to (i) preserve the status quo, (ii) ascertain the extent of commingling of funds between Madoff and BMIS; (iii) ascertain the true financial condition of BMIS and the disposition of investor funds; (iv) prevent further dissipation of the property and assets of BMIS; (v) prevent the encumbrance or disposal of property or assets of BMIS and the investors; (vi) preserve the books, records and documents of BMIS; (vii) respond to investor inquiries; (viii) protect the assets of BMIS from further dissipation; (ix) determine whether BMIS should undertake bankruptcy filings; and (x) determine the extent to which the freeze should be lifted as to certain assets in the custody of BMIS.

To effectuate the foregoing, the receiver is empowered to:

(a) Take and retain immediate possession and control of all of the assets and property, and all books, records and documents of, BMIS, Madoff International, and Madoff Ltd.;

(b) Have exclusive control of, and be made the sole authorized signatory for, all accounts at any bank, brokerage firm or financial institution that has possession or control of any assets or funds of BMIS and Madoff International and Madoff Ltd.;

(c) Conduct business, including making trades, and pay from available funds necessary business expenses, as required to preserve or maximize the value of the assets and property of BMIS, Madoff International and Madoff Ltd., notwithstanding the asset freeze imposed by paragraph VIII, above;

(d) Locate assets that may have been conveyed to third parties or otherwise concealed;

(e) Engage and employ persons, including accountants, attorneys and experts, to assist in the carrying out of the receiver's duties and responsibilities hereunder, including appointing a person or entity to manage any aspect of the business of BMIS, Madoff International or Madoff Ltd., including its investment adviser business and its market-making business, and to use available funds as required to preserve the assets and property of BMIS, notwithstanding the asset freeze imposed by paragraph VIII, above;

(f) Report to the Court and the parties within 45 days from the date of the entry of this Order, subject to such reasonable extensions as the Court may grant, the

following information:

1. All assets, money, funds, securities, and real or personal property then held directly or indirectly by or for the benefit of BMIS, Madoff International or Madoff Ltd., including, but not limited to, real property, bank accounts, brokerage accounts, investments, business interests, personal property, wherever situated, identifying and describing each asset, its current location and value;

2. A list of secured creditors and other financial institutions with an interest in the receivership assets;

3. A list of customers and clients of BMIS, Madoff International, and Madoff Ltd., including investment advisory clients, and, to the extent practicable, the amounts received by Madoff from each such customer or client and the amounts withdrawn by each such customer or client;

(g) Develop a preliminary plan for the administration of the assets of the receivership, including a recommendation regarding whether bankruptcy cases should be filed for all or a portion of the assets subject to the receivership and a recommendation whether litigation against third parties should be commenced on a contingent fee basis to recover assets for the benefit of the receivership.

Defendants agree to provide any written authorizations necessary for the receiver to exercise the foregoing powers over Madoff International and Madoff Ltd.

## XI.

**IT IS FURTHER ORDERED** that each of the receiver and his advisors be, and they hereby are, indemnified by each of the Defendants, Madoff International and Madoff Ltd., except for gross negligence, willful misconduct, fraud, and breach of fiduciary duty determined by final order no longer subject to appeal or certiorari, for all judgments, losses, costs, and reasonable expenses including legal fees (which shall be paid under the indemnity after court approval as they arise), arising from or related to any and all claims of whatsoever type brought against any of them in their capacities as receiver or advisors to the receiver; provided, however, that nothing herein shall limit the immunity of the receiver and his advisors allowed by law or deprive the receiver and his advisors of indemnity for any act or omission for which they have immunity.

## XII.

**IT IS FURTHER ORDERED** that no creditor or claimant against the Defendants, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the control, possession, or management of the assets subject to the receivership.

## XIII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, Defendants and their partners, agents, employees, attorneys, or other professionals, anyone acting in concert with them or on their behalf, and any third party, are temporarily enjoined from filing a bankruptcy proceeding against the Defendants without filing a motion on at least three (3) days' notice to the Plaintiff, and approval of this Court after a hearing, except that the Securities Investor Protection Corporation

may commence a proceeding under the Securities Investor Protection Act.

## XIV.

**IT IS FURTHER ORDERED** that discovery is expedited as follows: pursuant to Rules 26, 30, 31, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure, and without the requirement of a meeting pursuant to Fed. R. Civ. P. 26(f), the parties may:

1. Take depositions, subject to two (2) calendar days' notice by facsimile, email or otherwise;

2. Obtain the production of documents, within three (3) calendar days from service by facsimile, email or otherwise of a request or subpoena from any persons or entities, including non-party witnesses;

3. Obtain other discovery, including further interrogatories, requests for admissions, and requests to inspect the premises and files of Defendant within three (3) calendar days from the date of service by facsimile, email or otherwise of such other discovery requests, interrogatories, requests for admissions or requests for inspection; and

4. Service of any discovery requests, notices, or subpoenas may be made by personal service, facsimile, overnight courier, e-mail, or first-class mail on an individual, entity or the individual's or entity's attorney.

This order expediting discovery will remain in place beyond any hearing on the Commission's application for preliminary injunction.

17

## XV.

**IT IS FURTHER ORDERED** that a copy of this Order and the papers supporting the Commission's Application be served upon the Defendants, or their respective counsel, on or before December 12, 2008 by personal delivery, facsimile, overnight courier, electronic mail, or first-class mail to their last known addresses.

## XVI.

**IT IS FURTHER ORDERED** that the Defendant shall deliver any opposing papers in response to the Order to Show Cause above no later than December 16, 2008, at 11:59 p.m. Service shall be made by delivering the papers, using the most expeditious means available, by that date and time, to the New York Regional Office of the Commission at 3 World Financial Center, Room 400, New York, New York 10281, Attn: Alex Vasilescu, Esq., or such other place as counsel for the Commission may direct in writing. The Commission shall have until December 18, 2008, at 5:00 p.m., to serve, by the most expeditious means available, any reply papers upon the Defendant, or upon their respective counsel.

## XVII.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon Defendants and their partners, agents, servants, employees, attorneys, subsidiaries, affiliates and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, telephone, e-mail or otherwise.

Consented to by Defendants Bernard L. Madoff and Bernard L. Madoff Investment Securities LLC and by Madoff Securities International Ltd. and Madoff Ltd.:

Dated: __12 - 12__, 2008
New York, New York

By /s/ _____
Ira Lee Sorkin, Esq.
Dickstein Shapiro LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 277-6576

Attorney for Defendants Bernard L. Madoff
and Bernard L. Madoff Investment
Securities LLC and for Madoff Securities
International Ltd. and Madoff Ltd.

_____ Louis L. Stanton _____
UNITED STATES DISTRICT JUDGE

Issued at :   __4__ : __51__ __p__.m.
December __12__ 2008
New York, NY

# Exhibit A

JP Morgan Chase Account No. 000000140081703
Account in the Name of: Bernard L. Madoff Investment Securities

JP Morgan Chase Account No. 000000066709466
Account in the Name of: Bernard L. Madoff Investment Securities

The Bank of New York Mellon Account No. 890-0402-393
Account in the Name of: Benard L Madoff Investment Securities

The Bank of New York Mellon Account No. 030-0951050
Account in the Name of: Bernard L Madoff

The Bank of New York Mellon Account No. 866-1126-621
Account in the Name of: Bernard L Madoff Investment Securities LLC