

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/18/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,

               Plaintiff,

     - against -

BERNARD L. MADOFF and
BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

               Defendants.
------------------------------------------------------------x

08 Civ. 10791 (LLS)
ECF CASE

## ORDER ON CONSENT IMPOSING PRELIMINARY INJUNCTION, FREEZING ASSETS AND GRANTING OTHER RELIEF AGAINST DEFENDANTS

The Securities and Exchange Commission ("SEC") having filed a Complaint in this matter on December 11, 2008; the SEC that same day having filed an Application for Emergency Preliminary Relief Against Defendants Bernard L. Madoff ("Madoff") and Bernard L. Madoff Investment Securities LLC ("BMIS") (collectively, "Defendants"); Defendants that same day having entered a general appearance and consented to the Court's jurisdiction over the Defendants and the subject matter of this action; Defendants on December 12, 2008 having consented to the entry of a temporary restraining order, asset freeze, appointment of a receiver and other relief against Defendants; the Court that same day having entered such an Order; the Court on December 15, 2008 having issued an Order appointing Irving H. Picard, Esq. ("SIPC Trustee"), as trustee for the liquidation of the business of Defendants with all the duties and powers of a trustee described in the Securities Investor Protection Corporation ("SIPC"), and appointing the law firm of Baker & Hostetler LLP as appointed counsel for the trustee; and Defendants having consented to the entry of this Order On Consent Imposing Preliminary

Securities and Exchange Commission v. Madoff et al            Doc. 8

Injunction, Freezing Assets And Granting Other Relief Against Defendants, waived findings of fact and conclusions of law, and waived any right to appeal from this P.I. Order:

**I.**

**IT IS HEREBY ORDERED**, pending a final disposition of this action, that Defendants, and each of their partners, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, telephonic notice, notice by e-mail or otherwise, are preliminarily enjoined from, directly or indirectly, singly or in concert, in the offer, purchase or sale of any security, by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

   a. employing any device, scheme or artifice to defraud;

   b. obtaining money or property by means of an untrue statement of material fact or omitting to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading; and

   c. engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon the purchaser,

in violation of Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act, and Rule 10b-5 thereunder.

**II.**

**IT IS FURTHER ORDERED**, pending a final disposition of this action, that Defendants, and each of their partners, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by

2

personal service, facsimile service, telephonic notice, notice by e-mail or otherwise, are preliminarily enjoined from, directly or indirectly, singly or in concert, by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

    a. employing any device, scheme or artifice to defraud any client or prospective client;

    b. engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon any client or prospective client,

in violation of Sections 206(1) and 206(2) of the Advisers Act.

### III.

**IT IS FURTHER ORDERED**, pending a final disposition of this action, that Defendants, and each of their financial and brokerage institutions, agents, servants, employees, attorneys, and those persons in active concert or participation with either of them who receive actual notice of this Order by personal service, facsimile service, telephonic notice, notice by e-mail, or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of, held by, or under the direct or indirect control of, Defendants, whether held in the name of Madoff, BMIS, Madoff International or Madoff Ltd. or for the direct or indirect beneficial interest of one or both of them, wherever situated, in whatever form such assets may presently exist and wherever located, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of Defendants,

to hold or retain within its control and prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds or other properties, including, but not limited to: (1) all assets, funds, or other properties held in the name of, held by, or under the control of one or both of the Defendants; (2) all accounts in the name of Madoff or BMIS or on which Madoff is a signatory, including the accounts listed on the attached Exhibit A; (3) all artwork, property, motor vehicles, jewelry and other items of personalty held in the name of, held by, or under the control of Madoff or BMIS; and (4) all real property held in the name of, held by, or under the control of Madoff or BMIS.

IV.

**IT IS FURTHER ORDERED**, pending a final disposition of this action, that Defendants, and any person or entity acting at their direction or on their behalf, are preliminarily enjoined from destroying, altering, concealing or otherwise interfering with, the access of the Plaintiff Commission and/or SPIC Trustee to any and all documents, books and records, that are in the possession, custody or control of Defendants, and each of their partners, agents, employees, servants, accountants, financial or brokerage institutions, attorneys-in-fact, subsidiaries, affiliates, predecessors, successors and related entities that refer, reflect or relate to the allegations in the Complaint, including, without limitation, documents, books, and records referring, reflecting or relating to Defendants' finances or business operations, or the offer or sale of securities by Defendants and the use of proceeds therefrom.

V.

**IT IS FURTHER ORDERED** that Defendants and their partners, agents, employees, attorneys, or other professionals, anyone acting in concert with them or on their behalf, and any

third party, are preliminarily enjoined from filing a bankruptcy proceeding against Defendants without filing a motion on at least three (3) days' notice to the Plaintiff, and approval of this Court after a hearing.

## VI.

**IT IS FURTHER ORDERED** that:

1.  Defendant Madoff shall serve upon Plaintiff, on or before December 31, 2008, a verified written accounting, under penalty of perjury, of:

    a.  All assets, liabilities and property currently held, directly or indirectly, by or for the benefit of Defendant Madoff, including, without limitation, bank accounts, brokerage accounts, investments, business interests, loans, lines of credit, and real and personal property wherever situated, describing each asset and liability, its current location and amount;

    b.  All money, property, assets and income received by Defendant Madoff, or for the direct or indirect benefit of Defendant Madoff, at any time through the date of such accounting, describing the source, amount, disposition and current location of each of the items listed;

    c.  The names and last known addresses of all bailees, debtors, and other persons and entities that currently are holding the assets, funds or property of Defendant Madoff; and

    d.  The names and locations of all entities where Defendant BMIS, or entities controlled by, or related to, BMIS, held, without limitation, bank accounts, brokerage accounts, investments, or assets.

Defendant Madoff shall serve such verified written accountings by hand delivery, facsimile transmission, email or overnight courier service on the Commission's counsel, Alex Vasilescu, Esq., Securities and Exchange Commission, 3 World Financial Center, Room 400, New York, NY 10281, vasilescua@sec.gov.

## VII.

**IT IS FURTHER ORDERED** that Lee Richards, Esq., of Richards Kibbe & Orbe LLP, continues as the appointed receiver for the assets of Madoff Securities International Ltd. ("Madoff International"), Madoff Ltd., and any other broker-dealer, market making, or investment advisory businesses (the "Foreign Entities") not located in the United States of America that are owned or controlled, in whole or in part, by Madoff, BMIS and their partners, agents, employees, attorneys, or other professionals, anyone acting in concert with them or on their behalf, and any third party, to (i) preserve the status quo, (ii) ascertain the extent of commingling of funds between Madoff, BMIS and the Foreign Entities; (iii) ascertain the true financial condition of the Foreign Entities and the disposition of investor funds; (iv) prevent further dissipation of the property and assets of the Foreign Entities; (v) prevent the encumbrance or disposal of property or assets of the Foreign Entities and the investors; (vi) preserve the books, records and documents of the Foreign Entities; (vii) respond to investor inquiries regarding the foreign entities; (viii) protect the assets of the Foreign Entities from further dissipation; (ix) determine whether the Foreign Entities should undertake bankruptcy filings; and (x) determine the extent to which the freeze should be lifted as to certain assets in the custody of the Foreign Entities.

To effectuate the foregoing, the receiver is empowered to:

6

(a) Take and retain immediate possession and control of all of the assets and property, and all books, records and documents of, the Foreign Entities;

(b) Have exclusive control of, and be made the sole authorized signatory for, all accounts at any bank, brokerage firm or financial institution that has possession or control of any assets or funds of the Foreign Entities;

(c) Conduct business, including making trades, and pay from available funds necessary business expenses, as required to preserve or maximize the value of the assets and property of the Foreign Entities, notwithstanding the asset freeze imposed by paragraph III, above;

(d) Locate assets that may have been conveyed to third parties or otherwise concealed by the Foreign Entities;

(e) Engage and employ persons, including accountants, attorneys and experts, to assist in the carrying out of the receiver's duties and responsibilities hereunder, including appointing a person or entity to manage any aspect of the business of the Foreign Entities, including any investment adviser business and market-making businesses of the Foreign Entities, and to use available funds as required to preserve the assets and property of the Foreign Entities, notwithstanding the asset freeze imposed by paragraph III, above;

(f) Report to the Court and the parties by January 26, 2009, subject to such reasonable extensions as the Court may grant, the following information:

    1. All assets, money, funds, securities, and real or personal property then held directly or indirectly by or for the benefit of the Foreign Entities,

including, but not limited to, real property, bank accounts, brokerage accounts, investments, business interests, personal property, wherever situated, identifying and describing each asset, its current location and value;

2. A list of secured creditors and other financial institutions with an interest in the receivership assets of the Foreign Entities;

3. A list of customers and clients of the Foreign Entities, including investment advisory clients, and, to the extent practicable, the amounts received by Madoff from each such customer or client and the amounts withdrawn by each such customer or client;

(g) Develop a preliminary plan for the administration of the assets of the receivership of the Foreign Entities, including a recommendation regarding whether bankruptcy cases should be filed for all or a portion of the assets subject to the receivership and a recommendation whether litigation against third parties should be commenced on a contingent fee basis to recover assets of the Foreign Entities for the benefit of the receivership.

Defendants agree to provide any written authorizations necessary for the receiver to exercise the foregoing powers over the Foreign Entities.

As this Court has entered an Order (referenced above) appointing the SIPC Trustee, and as the SIPC Trustee has roles and responsibilities with respect to BMIS, the receiver will have no authority over BMIS, except to the extent that such authority is necessary to carry out his responsibilities with respect to the Foreign Entities and that such authority is exercised with the

prior consent and approval of the SIPC Trustee.

## VIII.

**IT IS FURTHER ORDERED** that each of the Receiver and his advisors be, and they hereby are, indemnified by each of the Defendants, Madoff International and Madoff Ltd., except for gross negligence, willful misconduct, fraud, and breach of fiduciary duty determined by final order no longer subject to appeal or certiorari, for all judgments, losses, costs, and reasonable expenses including legal fees (which shall be paid under the indemnity after court approval as they arise), arising from or related to any and all claims of whatsoever type brought against any of them in their capacities as receiver or advisors to the receiver; provided, however, that nothing herein shall limit the immunity of the receiver and his advisors allowed by law or deprive the receiver and his advisors of indemnity for any act or omission for which they have immunity.

## IX.

**IT IS FURTHER ORDERED** that no creditor or claimant against the Defendants, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the control, possession, or management of the assets subject to the receivership.

X.

**IT IS FURTHER ORDERED** that, pending final disposition of this action or such further order of the Court, Plaintiff may conduct expedited discovery, pursuant to Rules 26, 30, 31, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure and without the requirement of a meeting pursuant to Fed. R. Civ. P. 26(f).

XI.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon Defendants and their partners, agents, servants, employees, attorneys, subsidiaries, affiliates and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, telephone, e-mail or otherwise.

XII.

**IT IS FURTHER ORDERED** that the Consent of Defendants to Preliminary Injunction Order filed herewith is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

_____Louis L. Stanton_____
UNITED STATES DISTRICT JUDGE

Issued at : **6 : 35 p**.m.
December **18**, 2008
New York, NY

## Exhibit A

JP Morgan Chase Account No. 0000000140081703
Account in the Name of: Bernard L. Madoff Investment Securities

JP Morgan Chase Account No. 0000000066709466
Account in the Name of: Bernard L. Madoff Investment Securities

The Bank of New York Mellon Account No. 890-0402-393
Account in the Name of: Benard L Madoff Investment Securities

The Bank of New York Mellon Account No. 030-0951050
Account in the Name of: Bernard L Madoff

The Bank of New York Mellon Account No. 866-1126-621
Account in the Name of: Bernard L Madoff Investment Securities LLC