JAMES CLARKSON
ACTING REGIONAL DIRECTOR
Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
3 World Financial Center – RM 400
New York, NY 10281
(212) 336-1020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

  - against -

BERNARD L. MADOFF and
BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

      Defendants.
------------------------------------------------------------------x

08 Civ. 10791 (LLS) ( )

### LOCAL RULE 6.1 DECLARATION OF ALEXANDER M. VASILESCU IN SUPPORT OF PLAINTIFF'S EMERGENCY APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, ASSET FREEZE AND OTHER RELIEF

I, Alexander M. Vasilescu, pursuant to 28 U.S.C. § 1746, declare as follows:

  1.  I am a member of the bar of State of New York and a member of the bar of this Court. I am employed by Plaintiff Securities and Exchange Commission (the "Commission") in the Commission's New York Regional Office. I make this declaration pursuant to Local Civil Rule 6.1(d) to show that good and sufficient reasons exist for bringing the Commission's application (the "Application") for a preliminary injunction and temporary restraining order, among other things, enjoining Defendants Bernard L. Madoff ("Madoff") and Bernard L. Madoff Investment Securities LLC ("BMIS")

(collectively, "Defendants") from violating the federal securities laws, freezing Defendants' assets, directing Defendants to provide immediate accountings and related relief, by order to show cause rather than by notice of motion. No previous application for similar relief has been made.

2. The Commission makes its Application by order to show cause to: (i) preserve the status quo pending adjudication of the Application; (ii) ensure that any future judgment of this Court for disgorgement, prejudgment interest and penalties will not be rendered meaningless; (iii) halt ongoing violations of the federal securities laws; and (iv) prevent the destruction of evidence. The Commission believes that to proceed by notice of motion may jeopardize the Court's ability to grant full and effective relief both as to this Application and the merits of the Complaint.

3. The following facts are set forth in the complaint filed by the Commission on December 11, 2008 and in the accompanying memorandum of law, and are supported by the sworn statement of Federal Bureau of Investigation agent Theodore Cacioppi, executed on December 11, 2008, which is filed concurrently herewith. Defendants have been defrauding investment advisory clients by conducting a Ponzi scheme by paying returns to certain investors out of principal received from other investors, and, unless temporarily restrained and preliminarily enjoined, will continue to violate the antifraud provisions of the federal securities laws and attempt to hide and dissipate assets. Because of the substantial harm to the investing public and Madoff Securities clients that would result from Defendants' continued fraudulent conduct, it is necessary for the Commission to seek the relief requested in the Application by way of an order to show cause.

4. Specifically, as set forth in the Complaint and supporting sworn statement, BMIS is a broker-dealer registered with the Commission and controlled by Madoff. Madoff, through BMIS, also conducts an investment advisory business that is separate from BMIS' proprietary trading and market making activities. On or about December 10, 2008, Madoff told two senior employees of BMIS that his investment advisory business was a fraud, that it was "finished," that Madoff had "absolutely nothing," that it was "all one big lie," and that it was a "Ponzi scheme." In that same conversation, Madoff told the two senior employees that he estimated the losses from this fraud to be at least approximately $50 billion. Madoff also told the two senior employees that he planned to surrender to authorities in one week, but that, before he did that, he planned to use the approximately $200 million he had left to make payments to certain selected employees, family, and friends. On December 11, 2008, Madoff confessed to F.B.I. agent Theodore Cacioppi that there was "no innocent explanation." Madoff explained that he had traded and lost money for institutional clients, that it was all his fault, and that he had "paid investors with money that wasn't there." Madoff further said that he was "broke" and "insolvent" and that he expected to go to jail.

5. This case presents an emergency, because the fraud is ongoing and Madoff controls BMIS, including its investment advisory business.

6. There is substantial evidence that Madoff presents a continuing risk to the investing public and his customers and that, without an asset freeze, Madoff may dissipate remaining funds under his and BMIS' control. On December 10, 2008, Madoff told two senior employees that he intended to use the remainder of BMIS' assets to selectively make payments to certain employees, friends and family.

7. A receiver is necessary to protect and preserve BMIS' documents and assets, to marshal any assets and to assist in the resolution of competing claims for the assets that remain in firm's accounts. Madoff controlled BMIS, kept its financial statements under lock and key, and was "cryptic" about the firm's investment advisory business with at least one senior employee. Since Madoff's arrest on December 11, 2008, it does not appear that anyone is running the firm or that anyone at the firm will be able to marshal assets and assist in fairly resolving competing claims for the remaining assets.

8. At approximately 3:45 p.m., I spoke with Mudoff's attorney, Mauro M. Wolfe, Esq., and told him the Commission would seek this emergency application this afternoon in this Court. I also told the attorney that I would contact him and requested that he be available in person or telephone. Mauro M. Wolfe's telephone number is (212) 277-6726.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 11, 2008

Alexander M. Vasilescu