⌐ ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,

                      Plaintiff,

         - against -

BERNARD L. MADOFF and
BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                    Defendants.

---------------------------------------------------------------x

08 Civ. 10791 (LLS)
ECF CASE

## PARTIAL JUDGMENT ON CONSENT IMPOSING
## PERMANENT INJUNCTION AND CONTINUING OTHER RELIEF

The Securities and Exchange Commission ("SEC") having filed a Complaint in this matter on December 11, 2008; the SEC that same day having filed an Application for Emergency Preliminary Relief Against Defendants Bernard L. Madoff ("Madoff") and Bernard L. Madoff Investment Securities LLC ("BMIS") (collectively, "Defendants"); Defendants that same day having entered a general appearance and consented to the Court's jurisdiction over the Defendants and the subject matter of this action; Defendants on December 12, 2008 having consented to the entry of a temporary restraining order, asset freeze, appointment of a receiver and other relief against Defendants; the Court that same day having entered such an Order; the Court on December 15, 2008 having issued an Order appointing Irving H. Picard, Esq. ("SIPC Trustee"), as trustee for the liquidation of the business of Defendants with all the duties and powers of a trustee described in the Securities Investor Protection Corporation ("SIPC"), and appointing the law firm of Baker & Hostetler LLP as appointed counsel for the trustee; and the Court having entered on December 18, 2008, the Order On Consent Imposing Preliminary

Injunction, Freezing Assets And Granting Other Relief Against Defendants (the "P.I. Order"); and Defendant Madoff having consented to entry of this Partial Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction), waived findings of fact and conclusions of law, and waived any right to appeal from this Partial Judgment:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant Madoff, and each of his partners, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, telephonic notice, notice by e-mail or otherwise, are permanently enjoined from, directly or indirectly, singly or in concert, in the offer, purchase or sale of any security, by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

a. employing any device, scheme or artifice to defraud;

b. obtaining money or property by means of an untrue statement of material fact or omitting to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading; and

c. engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon the purchaser, in violation of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder, [17 C.F.R. § 240.10b-5].

2

II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant Madoff, and each of his partners, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, telephonic notice, notice by e-mail or otherwise, are permanently enjoined from, directly or indirectly, singly or in concert, by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

    a.    employing any device, scheme or artifice to defraud any client or prospective client; or

    b.    engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon any client or prospective client, in violation of Sections 206(1) and 206(2) of the Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), (2)].

III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant Madoff shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the SEC. Prejudgment interest shall be calculated from the date of the first violation, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with

3

the SEC's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant Madoff will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant Madoff may not challenge the validity of the Consent or this Partial Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the SEC's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## IV.

**IT IS HEREBY FURTHER ORDERED** that Sections III through XII of the Court's Order On Consent Imposing Preliminary Injunction, Freezing Assets And Granting Other Relief Against Defendants, entered on December 18, 2008, are incorporated into this Partial Judgment and shall remain in full force until this action is fully resolved or as otherwise ordered by this Court.

## V.

**IT IS FURTHER ORDERED** that this Partial Judgment shall be, and is, binding upon Defendant Madoff and his partners, agents, servants, employees, attorneys, subsidiaries, affiliates and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, telephone, e-mail or otherwise.

## VI.

**IT IS FURTHER ORDERED** that the Consent of Defendant Bernard L. Madoff to a Partial Judgment filed herewith is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant Madoff shall comply with all of the undertakings and agreements set forth therein.

*Louis L. Stanton*
UNITED STATES DISTRICT JUDGE

Issued at: **12** : **19** **p**.m.
February **9**, 2009
New York, NY

5