

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/2/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

      - against -

BERNARD L. MADOFF and
BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

      Defendants.

----------------------------------------------------------x

08 Civ. 10791 (LLS)

## ORDER ON CONSENT

WHEREAS, the Court has received and reviewed the application of the Office of the U.S. Attorney for the Southern District of New York (the "USAO"), submitted upon the consent of Plaintiff Securities and Exchange Commission ("SEC"), defendant Bernard L. Madoff ("Madoff"), the Securities Investor Protection Corporation ("SIPC"), Irving H. Picard, Esq., as trustee (the "Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS"), and Ruth Madoff, asking the Court to issue an order (the "Relief Order") finding that actions taken under the federal forfeiture laws by the USAO, the Federal Bureau of Investigation ("FBI"), the U.S. Marshals Service ("USMS"), and their employees and agents (collectively, the "Prosecutor"), shall not constitute a violation of any of the following restraints set forth in the December 12, 2008 Order to Show Cause, Temporary Restraining Order and Order Freezing Assets and Granting Other Relief ("TRO"); the December 18, 2008 Order on Consent Imposing Preliminary Injunction, Freezing Assets and Granting ~~Order~~ *Other* Relief Against Defendants ("Preliminary Injunction"); and the February 9, 2009 Partial Judgment on

*LLS*

Securities and Exchange Commission v. Madoff et al     Doc. 23

Consent Imposing Permanent Injunction and Continuing Other Relief ("Permanent Injunction") entered by the Court in the above-captioned civil action against Madoff and BLMIS:

1. directing, in both section VIII of the TRO and section III of the Preliminary Injunction, that the designated individuals and entities "hold and retain within ... their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal" of "any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of, held by, or under the direct or indirect control of Bernard L. Madoff . . . ."; and

2. directing, in both section XII of the TRO and section IX of the Preliminary Injunction, that "no creditor or claimant against the Defendants shall take any action to interfere with control, possession or management of assets subject to the receivership"; and

3. directing, in both section XVII of the TRO and section XI of the Preliminary Injunction, that these Orders "shall be, and [are], binding upon Defendants and their partners, agents, servants, employees, attorneys, subsidiaries, affiliates, and those persons in active concert or participation with them" who receive actual notice of the Orders; and

4. directing, in Section IV of the Permanent Injunction, that "Sections III through XII" of the Preliminary Injunction "are incorporated into this Partial Judgment and shall remain in full force until this action is finally resolved or as otherwise ordered by this Court," to the extent Section IV of the Permanent Injunction incorporates the above-described restraints from Sections III, IX and XI of the Preliminary Injunction;

(Paragraphs 1 - 4 above are referred to collectively herein as the "Restraints"); and

WHEREAS, the USAO has requested that the exclusions from the Restraints apply to the Prosecutor's forfeiture-related activity with respect to any and all assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of, held by, or under the direct or indirect control of Madoff, or for Madoff's direct or indirect beneficial interest, whether or not held in Madoff's name, wherever situated, in whatever form such assets may presently exist and

2

wherever located (the "Madoff Property"); and

WHEREAS, the Prosecutor has described its authority under the federal forfeiture laws to include, but not be limited to:

    a.    filing a verified civil complaint pursuant to Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules") in the United States District Court for the Southern District of New York ("SDNY") naming particular assets as defendants *in rem* and seeking the forfeiture of the assets to the United States of America under the federal asset forfeiture laws – for example, pursuant to 18 U.S.C. § 981(a)(C) as property constituting or derived from proceeds of an offense constituting "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7) (such as mail fraud, in violation of 18 U.S.C. § 1341, and wire fraud, in violation of 18 U.S.C. § 1343), and/or as property involved in money laundering activity or property traceable to such property, pursuant to 18 U.S.C. § 981(a)(1)(A) ("forfeitable property");

    b.    seeking the issuance of a warrant for arrest *in rem* pursuant to the Supplemental Rules upon the filing of a Verified Complaint, see 18 U.S.C. § 982(b)(2)(A), Supplemental Rule G(3);

    c.    in the case of a Verified Complaint seeking the forfeiture of real property, serving notice and posting the property pursuant to 18 U.S.C. § 985;

    d.    applying to an SDNY Magistrate Judge for a seizure warrant upon a showing of probable cause that particular assets are forfeitable property, pursuant to 18 U.S.C. § 981(b)(2), (3);

    e.    applying to an SDNY District Judge for a restraining or protective order either prior to or after the filing of a Verified Complaint pursuant to Supplemental Rule G(2) to preserve the availability of property for civil forfeiture, pursuant to 18 U.S.C. § 983(j);

    f.    providing notice, in the forfeiture allegations of a criminal indictment, *see* Fed. R. Crim. P. 32.2(a), that the Government intends to seek forfeiture of the defendant's right, title and interest in property forfeitable as proceeds of the crimes charged in the indictment (*see, e.g.* 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)); as property involved in money laundering transactions in violation of 18 U.S.C. §§ 1956 and/or 1957 or property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1); as an interest acquired or maintained in violation of the RICO statute, 18 U.S.C. § 1962; as an interest in, security of, claim against, or property or contractual right affording a source of influence over

3

a RICO enterprise; or as property constituting or derived from proceeds obtained directly or indirectly from racketeering activity in violation of 18 U.S.C. § 1962, pursuant to 18 U.S.C. § 1963(a); a sum of money representing the value of such forfeitable property in the form of a money judgment, *see, e.g.*, *United States* v. *Fruchter*, 411 F.3d 377, 384 (2d Cir. 2005); *United States* v. *Vampire Nation*, 451 F.3d 189, 202-03 (3d Cir. 2006); or other assets of the defendant as a substitute for property directly traceable to the offense that is not available for forfeiture; see 18 U.S.C. § 1963(m); 21 U.S.C. § 853(p);[1]

g. applying to an SDNY District Judge for a protective order either prior to or after the filing of an indictment to preserve the availability of property for criminal forfeiture, pursuant to 18 U.S.C. § 853(e), or for a criminal seizure warrant pursuant to 18 U.S.C. § 853(f);

h. taking any other steps authorized by law to preserve the availability of assets for forfeiture, so that the proceeds from the sale of the forfeited property may be restored to victims of the offense giving rise to the forfeiture, *see, e.g.*, 21 U.S.C. § 853(g) (court has broad authority to enter orders to preserve forfeited property); 21 U.S.C. § 853(i) (Attorney General's authority to restore forfeited property to victims); 28 C.F.R. Part 9 (procedures governing petitions for remission or mitigation of forfeitures); and

i. entering into agreements with owners and third parties to resolve third party claims, *see, e.g.*, 21 U.S.C. § 853(i)(2); *In re W.R. Huff Asset Management Co.*, LLC, 409 F.3d 555 (2d Cir. 2005), or to preserve the value of a dissipating asset by liquidating the asset under the terms of a stipulation and order of interlocutory sale, the proceeds of which are held as a "substitute" for the property pending the resolution of forfeiture proceedings, *see, e.g.*, *United States* v. *BCCI Holdings (Luxembourg), S.A.*, 69 F.Supp.2d 36, 44-45 (D.D.C. 1999); Supplemental Rule G(7); Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Local Admiralty Rule E.4 (1997); and

WHEREAS, on January 16, 2009, the Honorable Lawrence M. McKenna of the

United States District Court for the Southern District of New York entered an order releasing

---

[1] The procedures set forth in the narcotics criminal forfeiture statute, 21 U.S.C. § 853 (excluding Section 853(d)), are applicable to criminal forfeitures of property constituting the proceeds of specified unlawful activity, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) (*see* 18 U.S.C. § 2461(c)), and to criminal forfeitures of property involved in money laundering transactions, pursuant to 18 U.S.C. § 982(a)(2) (*see* 18 U.S.C. § 982(b)(1)).

4

Madoff on bail, specifically incorporating the restrictions on property transfer set forth in this Court's Preliminary Injunction mentioned above;

WHEREAS, the USAO asks that the Prosecutor be exempted from the Restraints with respect to any and all of the Madoff Property; and

WHEREAS, the actions excluded from the Restraints would include, but not be limited to, the location, restraint, seizure, forfeiture, sale, transfer, encumbrance, disposal, management, maintenance, containment, negotiation, preservation, removal, storage, distribution, or dissipation of the Madoff Property; and

WHEREAS, as part of the Relief Order, the USAO also requests the Court to direct that the Madoffs and their counsel shall be relieved from the Restraints to the extent needed to cooperate with the Prosecutor regarding the restraint, seizure, and disposition of forfeitable property in accordance with federal law; and

WHEREAS, the USAO also requests, notwithstanding any other provisions of this Order, that the Restraints continue to apply to Ruth Madoff's New York City apartment, her home in Palm Beach, Florida, and the Madoffs' home in Montauk, New York (the "Madoff Homes"), without prejudice to a future application from the USAO for an order excluding from the Restraints any actions taken by the Prosecutor under the forfeiture with respect to the Madoff Homes;

WHEREAS, while Madoff and his counsel do not object to the entry of the Relief Order, they maintain that some of the assets covered by the Relief Order (in particular, the New York City apartment, approximately $45 million in municipal bonds on deposit in an account held by Ruth Madoff at COHMAD Securities Corporation, and approximately $17 million on

deposit in an account held by Ruth Madoff at Wachovia Bank, N.A.) are unrelated to the alleged Madoff fraud and only Ruth Madoff has a beneficial ownership interest in these assets;

NOW, THEREFORE,

IT IS HEREBY ORDERED, that the Prosecutor's forfeiture-related activity with respect to the Madoff Property shall not constitute a violation of the Restraints; and

IT IS FURTHER ORDERED that Madoff, Ruth Madoff, and their counsel are relieved from the Restraints to the extent needed to cooperate with the Prosecutor regarding the restraint, seizure, and disposition of the Madoff property in accordance with federal law; and

IT IS FURTHER ORDERED that, notwithstanding any other provisions of this Order, the Restraints will continue to apply to the Madoff Homes without prejudice to a future application from the USAO for an order excluding from the Restraints any actions taken by the Prosecutor under the forfeiture with respect to the Madoff Homes.

*Louis L. Stanton*
Hon. Louis L. Stanton, U.S.D.J.

March 2, 2009

6

Consented to by:

SECURITIES AND EXCHANGE COMMISSION

By: _____
Alexander M. Vasilescu
Regional Trial Counsel/Trial Unit Chief
U.S. Securities and Exchange Commission
VasilescuA@sec.gov

Alistaire Bambach
Assistant Regional Director
Bankruptcy Counsel for Division of Enforcement
U.S. Securities and Exchange Commission
BambachA@sec.gov

BERNARD L. MADOFF AND RUTH MADOFF


By: _____
Ira Sorkin, Esq.
Mauro Wolfe, Esq.
Dickstein Shapiro LLP
153 East 53rd Sreet, Floor 54
New York, NY 10022
(212) 896-6525
sorkini@dicksteinshapiro.com
wolfem@dicksteinshapiro.com

IRVING H. PICARD, AS TRUSTEE FOR THE LIQUIDATION OF THE
BUSINESS OF BERNARD L. MADOFF INVESTMENT SECURITIES LLC


By: _____
David Sheehan, Esq.
John Carney, Esq.
Baker & Hostetler LLP
45 Rockefeller Plaza, 11th Floor
New York, New York 10111
(212) 589-4616/4255
dsheehan@bakerlaw.com
jcarney@bakerlaw.com

Consented to by:

SECURITIES AND EXCHANGE COMMISSION

By: _____
Alexander M. Vasilescu
Regional Trial Counsel/Trial Unit Chief
U.S. Securities and Exchange Commission
VasilescuA@sec.gov

Alistaire Bambach
Assistant Regional Director
Bankruptcy Counsel for Division of Enforcement
U.S. Securities and Exchange Commission
BambachA@sec.gov

BERNARD L. MADOFF AND RUTH MADOFF

By: *[signature]*
Ira Sorkin, Esq.
Mauro Wolfe, Esq.
Dickstein Shapiro LLP
153 East 53rd Sreet, Floor 54
New York, NY 10022
(212) 896-6525
sorkini@dicksteinshapiro.com
wolfem@dicksteinshapiro.com

IRVING H. PICARD, AS TRUSTEE FOR THE LIQUIDATION OF THE
BUSINESS OF BERNARD L. MADOFF INVESTMENT SECURITIES LLC

By: _____
David Sheehan, Esq.
John Carney, Esq.
Baker & Hostetler LLP
45 Rockefeller Plaza, 11th Floor
New York, New York 10111
(212) 589-4616/4255
dsheehan@bakerlaw.com
jcarney@bakerlaw.com

7

Consented to by:

SECURITIES AND EXCHANGE COMMISSION

By: _____
Alexander M. Vasilescu
Regional Trial Counsel/Trial Unit Chief
U.S. Securities and Exchange Commission
VasilescuA@sec.gov

Alistaire Bambach
Assistant Regional Director
Bankruptcy Counsel for Division of Enforcement
U.S. Securities and Exchange Commission
BambachA@sec.gov

BERNARD L. MADOFF AND RUTH MADOFF

By: _____
Ira Sorkin, Esq.
Mauro Wolfe, Esq.
Dickstein Shapiro LLP
153 East 53rd Sreet, Floor 54
New York, NY 10022
(212) 896-6525
sorkini@dicksteinshapiro.com
wolfem@dicksteinshapiro.com

IRVING H. PICARD, AS TRUSTEE FOR THE LIQUIDATION OF THE
BUSINESS OF BERNARD L. MADOFF INVESTMENT SECURITIES LLC

By: _____
David Sheehan, Esq.
John Carney, Esq.
Baker & Hostetler LLP
45 Rockefeller Plaza, 11th Floor
New York, New York 10111
(212) 589-4616/4255
dsheehan@bakerlaw.com
jcarney@bakerlaw.com

7

SECURITIES INVESTOR PROTECTION CORPORATION

By: ⟨signature⟩
Stephen P. Harbeck, President
Josephine Wang, Esq., General Counsel
Kevin Bell, Esq., Senior Assoc. General Counsel
Securities Investor Protection Corporation
805 15th Street, N.W., Suite 800
Washington, D.C. 20005-2715
sharbeck@sipc.org
jwang@sipc.org
kbell@sipc.org

LEV L. DASSIN
ACTING UNITED STATES ATTORNEY FOR
THE SOUTHERN DISTRICT OF NEW YORK

By: _____
Sharon E. Frase
Barbara A. Ward
Assistant United States Attorneys
(212) 637-2329/1048

SECURITIES INVESTOR PROTECTION CORPORATION

By: _____
Stephen P. Harbeck, President
Josephine Wang, Esq., General Counsel
Kevin Bell, Esq., Senior Assoc. General Counsel
Securities Investor Protection Corporation
805 15th Street, N.W., Suite 800
Washington, D.C. 20005-2715
sharbeck@sipc.org
jwang@sipc.org
kbell@sipc.org


LEV L. DASSIN
ACTING UNITED STATES ATTORNEY FOR
THE SOUTHERN DISTRICT OF NEW YORK

By: /s/ Sharon _____
Sharon E. Frase
Barbara A. Ward
Assistant United States Attorneys
(212) 637-2329/1048