

☐ **ORIGINAL**

**Baker Hostetler**

To The Clerk of The Court:
Please docket and place
this document in the public file.

LLS 3/2/09

Louis L. Stanton
U.S.D.J.

RECEIVED IN CHAMBERS
OF LOUIS L. STANTON

MAR 02 2009

UNITED STATES DISTRICT JUDGE

Baker & Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

March 2, 2009

John J. Carney
direct dial: 212.589.4255
jcarney@bakerlaw.com

**IN CAMERA SUBMISSION**

Honorable Louis L. Stanton
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-2-09

Re:   SEC v. Madoff, et al., 08 Civ. 10791 (LLS)

Dear Judge Stanton:

I write on behalf of Irving Picard, trustee for the liquidation of Bernard L. Madoff Investment Securities, LLC (the "Trustee"). We respectfully request that this Court order relief from its freeze orders entered in the above-referenced matter as described below; we have attached a proposed order for the Court's convenience. We make this request with the consent of plaintiff the Securities and Exchange Commission ("SEC"), defendant Bernard L. Madoff ("Madoff"), the United States Attorney for the Southern District of New York ("U.S. Attorney"), receiver Lee Richards, and the Securities Investor Protection Corporation ("SIPC").

**Prior Orders**

On December 12, 2008, this Court entered an order which, in pertinent part, temporarily froze the assets of Madoff (the "Temporary Restraining Order").

On December 15, 2008, this Court entered an order pursuant to the Securities Investor Protection Act of 1970, 15 U.S.C. § 78aaa, et seq. ("SIPA"), which, in pertinent part: (a) appointed the Trustee as trustee for the liquidation of the business of the Bernard L. Madoff Investment Securities LLC ("BLMIS") pursuant to section 78eee(b)(3) of SIPA, (b) appointed Baker & Hostetler, LLP as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA, and (c) removed the liquidation proceeding to the United States Bankruptcy Court for the Southern District of New York pursuant to section 78eee(b)(4) of SIPA.

On December 18, 2008, this Court entered an Order on Consent Imposing Preliminary Injunction, Freezing Assets and Granting Other Relief Against Defendants (the "Preliminary Injunction Order"), which, in pertinent part, extended the existing freeze on

Judge Louis L. Stanton
March 2, 2009
Page 2

the assets of Madoff pending final disposition of the action. Both Madoff and the Trustee, on behalf of BLMIS, consented to the Preliminary Injunction Order.

On January 16, 2009, in the matter US v. Madoff, 08 Mag. 2735, Judge Lawrence M. McKenna of the Southern District of New York entered an order releasing Madoff on bail, specifically incorporating the restrictions on property transfer set forth in this Court's December 18, 2008 Order on Consent mentioned above.

On February 9, 2009, this Court entered a Partial Judgment on Consent Imposing Permanent Injunction and Continuing Other Relief ("Partial Judgment") which, in pertinent part, incorporated and continued the Madoff asset freeze imposed in the Preliminary Injunction Order.

All portions of this Court's orders freezing assets of Madoff are herein collectively referred to as the "Madoff Asset Freeze."

**The Trustee's Authority and Intent**

The purpose of a SIPA liquidation proceeding in part is to liquidate the business of the debtor and to distribute customer property. (15 U.S.C. § 78fff(a)(1)(B) and (4).) The Trustee has the duties of a trustee in a case under chapter 7 of title 11 (15 U.S.C. 78fff-1(b)), and additional duties specified in SIPA. The Trustee has the power and title of a title 11 trustee with respect to the debtor and property of the debtor (15 U.S.C. § 78fff-1(a)), and may recover property which would have been customer property except that it was transferred by the debtor (15 U.S.C. § 78fff-2(c)(3)). The Trustee will allocate customer property pursuant to court order and will distribute it ratably to the customers pursuant to that order. (15 U.S.C. § 78fff-2(c)(1).) The Trustee pays costs and expenses of administration and of the liquidation proceedings herein described from SIPC advances against the general estate, without resort to customer property. (15 U.S.C. § 78fff(e).) This paragraph is without limitation and does not purport to describe the full extent of the Trustee's powers and duties.

To the extent that Madoff has title to, rights to ownership of, or other interests in the Trustee's Madoff Assets (as listed in Attachment A), we believe they must be transferred to the Trustee, as they are rightfully within the Trustee's purview and/or are necessary to the execution of his statutory and fiduciary duties.

The Trustee requests the relief described below in order to increase the estate of BLMIS for the benefit of its customers, and to more efficiently carry out his duties and purposes. In particular, many of the Trustee's Madoff Assets are necessary for the Trustee's sale of the BLMIS market-making operation.

**Relief Requested: Lifting of the Madoff Asset Freeze for the Trustee's Benefit**

At the present time, defendant Madoff wishes voluntarily to transfer certain assets to the Trustee and may wish voluntarily to transfer additional assets in the future. The Trustee respectfully requests that this Court hereby order that, notwithstanding any prior law of this case or prior order of this Court, including the abovementioned Temporary Restraining Order, Preliminary Injunction Order, and Partial Judgment,

Judge Louis L. Stanton
March 2, 2009
Page 3

Madoff, and each of his financial and brokerage institutions, agents, servants, employees, attorneys and those persons in active concert or participation with him, be relieved from the Asset Freeze to the extent needed to cooperate with the Trustee in transferring, pledging or assigning, or causing to be transferred, pledged or assigned, <u>to or for the benefit of the Trustee</u>, assets, funds or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of, held by, or under the direct control of, Madoff, whether held in the name of Madoff, BLMIS, Madoff International, or Madoff Ltd., or for the direct or indirect beneficial interest of Madoff, wherever situated, in whatever form such assets may presently exist and wherever located. A list of the specific assets to be transferred currently are detailed on Attachment A.

Respectfully submitted,

John J. Carney

cc (via email):

Alexander M. Vasilescu, Regional Trial Counsel
Alistaire Bambach, Assistant Regional Director
U.S. Securities and Exchange Commission
vasilescua@sec.gov
bambacha@sec.gov

Ira Sorkin, Esq.
Mauro Wolfe, Esq.
Dickstein Shapiro LLP
153 East 53rd Street, Floor 54
New York, NY 10022
(212) 896-6525
sorkini@dicksteinshapiro.com
wolfem@dicksteinshapiro.com
*Attorneys for Bernard L. Madoff and Ruth Madoff*

Stephen P. Harbeck, President
Josephine Wang, Esq., General Counsel
Kevin Bell, Esq. Senior Associate General Counsel
Securities Investor Protection Corporation
805 15th Street, N.W. Suite 800
Washington, D.C. 20005-2215
sharbeck@sipc.org
jwang@sipc.org
kbell@sipc.org

Sharon E. Frase, Assistant United States Attorney
Barbara A. Ward, Assistant United States Attorney

Judge Louis L. Stanton
March 2, 2009
Page 4

    The Silvio J. Mollo Building
    One Saint Andrew's Plaza
    New York, NY 10007
    sharon.frase@usdoj.gov
    barbara.ward@usdoj.gov

    Lee S. Richards III, Receiver
    c/o Daniel C. Zinman, Esq.
    Richards Kibbe & Orbe LLP
    One World Financial Center
    New York, NY 10281-1003
    dzinman@rkollp.com

Judge Louis L. Stanton
March 2, 2009
Page 5

## Attachment A

The Trustee intends that Bernard L. Madoff ("Madoff") will voluntarily assign to the Trustee any and all of his rights, title and interests in and to the following assets, subject to a subsequent written agreement between the Trustee and Madoff:

- BLMIS, including any membership or ownership interest therein;

- Primex Holdings, L.L.C., ("Primex") a New York limited liability company, including any membership or ownership interest therein;

- Certain real estate used by BLMIS and/or Primex, specifically, all interests, whether through direct ownership, lease or otherwise, for the premises located at 885 Third Avenue, New York, NY 10022, the premises located at 41-38 39th Street, Long Island City, NY 11104, and the premises located at 75-20 Astoria Boulevard, Queens, New York, 11370;

- All real or personal property located within, or purchased or leased for, the above-listed real estate or companies, including without limitation furniture, computer hardware, software, network equipment, facilities, and paperwork;

- Artwork purchased for or used by BLMIS; and

- Corporate entertainment tickets purchased for or used by BLMIS.