To The Clerk of The Court:
Please docket and place this document in the public file.

LLS 3/10/09
Louis L. Stanton
U.S.D.J.

# Baker Hostetler



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-11-09

RECEIVED IN CHAMBERS
OF LOUIS L. STANTON
MAR 10 2009
UNITED STATES DISTRICT JUDGE

Baker & Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

March 9, 2009

David J. Sheehan
direct dial: 212.589.4616
dsheehan@bakerlaw.com

Hon. Louis L. Stanton, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
Courtroom 21C
New York, NY 10007-1312

Re: **Securities and Exchange Commission v. Bernard L. Madoff, et al.**
S.D.N.Y., No. 08 Civ. 10791 (LLS)

Dear Judge Stanton:

This letter shall serve as the response of Irving H. Picard, the Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") pursuant to the Securities Investor Protection Act, 15 U.S.C. 78aaa *et seq.* ("SIPA"), to this Court's Order of March 2, 2009, directing the Trustee to respond to certain inquiries of the Court concerning the Report and Application of Lee S. Richards ("Receiver") to terminate his receivership for the entity known as Madoff Securities International Ltd. ("MSIL").

With regard to the initial inquiry, the Trustee has no objection to the relief requested by the Receiver with one exception[1]. The Trustee also has a request with regard to certain relief sought by the Receiver, as explained below. Further, the Trustee would agree with the Receiver's statement that "(1) the preservation and protection of the assets of MSIL and investigation in the the affairs of MSIL would be most efficiently carried out by and through the JPLs, with the active participation of the UK Authorities. . . ." Receiver's Report, at 13

For the reasons set forth below, we agree with the Receiver that his continued role is not required. On March 3, 2009, upon application of the Trustee through his counsel in

---

[1] The Receiver seeks leave of the Court to file "an application for appropriate compensation and reimbursement of expenses with this Court or in another forum..." (Receiver's Report at 14). The Trustee defers any comment on this request to the SEC which has responsibility for reviewing any such request. The Trustee would note, however, that provisions of SIPA may come into play with some aspects of any fee request by the Receiver, particularly as to those services where the Receiver was acting as the Receiver for BLMIS prior to the Trustee's appointment. The Receiver's fee request for that period would be subject to Bankruptcy Court review and SIPC's review and recommendation pursuant to Section 78eee(b)(5) of SIPA, which governs applications for compensation in a SIPA liquidation proceeding.

Cincinnati   Cleveland   Columbus   Costa Mesa   Denver   Houston   Los Angeles   New York   Orlando   Washington, DC

BARRISTERS, 095879, 000001, 502325874.1

Louis L. Stanton, U.S.D.J.

March 9, 2009
Page 2

the UK, Lovells LLP, the High Court of Justice, Chancery Division, entered an Order in which the Trustee was ". . . recognized as a foreign main proceeding in accordance with the UNCITRAL Model Law on Cross-Border Insolvency . . . ." A copy of the Recognition Order, the Application for Recognition and the Trustee's Affidavit in Support of the Application are attached hereto as Exhibits A, B and C respectively. Subsequently, on March 6, 2009, the High Court of Justice, Chancery Division, upon the joint application of the Joint Provisional Liquidators ("JPLs") and the Trustee entered an Order permitting the JPLs to share information with the Trustee, who in turn would share information with the JPLs, it being agreed by the JPLs and the Trustee that it would be in their common interest to do so in connection with the investigation and asset collection efforts in which both were engaging. A copy of that Order is attached hereto as Exhibit D. Since that date, the JPLs and the Trustee, through their representatives, have been cooperating on the investigation of both MSIL and BLMIS.

With regard to Stock Power, the Trustee requests that it be assigned to him for reasons noted below, rather than be placed in escrow as proposed by the Receiver. As the Receiver's Report demonstrates, there was a financial and business relationship between MSIL and BLMIS which appears to have been substantial, including common ownership (Mr. Madoff being the sole owner of BLMIS and controlling owner of MSIL), internal financial dealings on a large scale and significant intercompany transactions. As the Trustee continues his investigation, it would potentially aid in that effort if he were to have the Stock Power given to the Receiver by Mr. Madoff, which was undoubtedly one of the reasons it was provided in the first place. The Trustee respectfully sees no advantage to the customers and creditors of BLMIS in having the Stock Power held in escrow. Moreover, the Trustee is of the view that the Stock Power falls within the category of business assets covered of this Court's March 2 Order. See Exhibit E attached hereto.

We stand ready to provide any additional information, should the Court require it.

This is an ECF case to which the Trustee is not a party. Accordingly, the Trustee respectfully requests that the Court direct that this letter be docketed.

Respectfully submitted,

David J. Sheehan

Enclosures

cc: Lee Richards, Esq. w/encl. (by e-mail)
    Alexander M. Vasilescu, Esq. w/encl. (by e-mail)
    Marc Litt. Esq w/encl. (by e-mail)
    Ira Lee Sorkin, Esq., w/encl. (by e-mail)