




To The Clerk of The Court:
Please docket and place
this document in the public file.
LLS 3/16/09
Louis L. Stanton
U.S.D.J.

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 16, 2009




USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3-17-09

BY HAND

Honorable Louis L. Stanton
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Securities and Exchange Commission v. Madoff, et al.
08 Civ. 10791 (LLS)

Dear Judge Stanton:

The United States Attorney for the Southern District of New York (the "U.S. Attorney") respectfully submits this letter in response to the March 9, 2009 letter sent to the Court on behalf of the SIPA Trustee in response to the Report of the Receiver Lee S. Richards and Application to Terminate the Receivership (the "Receiver's Report & Application").

Securities and Exchange Commission v. Madoff et al Doc. 30

The U.S. Attorney, by letter dated March 9, 2009, consented to the relief requested in the Receiver's Report & Application and agrees with the reasons set forth therein for the requested termination. By letter dated March 9, 2009 (the "Trustee Ltr."), David J. Sheehan, Esq., counsel to the SIPA Trustee, consented to the relief sought by the Receiver (with one exception), and further stated:

> With regard to Stock Power [of Madoff Securities International Ltd. ("MSIL")], the Trustee requests that it be assigned to him for reasons noted below, rather than be placed in escrow as proposed by the Receiver. As the Receiver's Report demonstrates, there was a financial and business relationship between MSIL and BLMIS which appears to have been substantial, including common ownership (Mr. Madoff being the sole owner of BLMIS and controlling owner of MSIL), internal financial dealings on a large scale and significant intercompany transactions. As the Trustee continues his investigation, it would potentially aid in that effort if he were to have the Stock Power given to the Receiver by Mr.

> Madoff, which was undoubtedly one of the reasons it was provided in the first place. The Trustee respectfully sees no advantage to the customers and creditors of BLMIS in having the Stock Power held in escrow. Moreover, the Trustee is of the view that the Stock Power falls within the category of business assets covered of [sic] this Court's March 2 Order.

Trustee Ltr. at 2.

The U.S. Attorney has questions about the Trustee's position with respect to the disposition of the Stock Power, and has begun to discuss those questions with Mr. Sheehan. We expect to have additional discussions about this issue in the coming days, and will advise the Court of the U.S. Attorney's position as soon as possible thereafter. In the meantime, to permit the expeditious termination of the receivership, and because there would appear to be no harm in holding the Stock Power in escrow until this issue can be further discussed, and potentially resolved, the U.S. Attorney respectfully requests that the Stock Power be placed in escrow pending further order of the Court.

This is an ECF case to which the U.S. Attorney is not a party. Accordingly, the U.S. Attorney respectfully requests that the Court direct that this letter be docketed.

Respectfully submitted,

LEV L. DASSIN
Acting United States Attorney

By: ______________________
Marc Litt
Assistant United States Attorney
(212) 637-2295

Lee Richards, Esq. (by e-mail)
Alexander M. Vasilescu, Esq. (by e-mail)
Ira Lee Sorkin, Esq. (by e-mail)
David J. Sheehan, Esq. (by e-mail)