To The Clerk of The Court:
Please docket and place
this document in the public file.

LLS 4/9/09
Louis L. Stanton
U.S.D.J.

# Baker Hostetler

April 8, 2009

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-10-09

Baker & Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

David J. Sheehan
direct dial: 212.589.4616
dsheehan@bakerlaw.com

RECEIVED IN CHAMBERS
OF LOUIS L. STANTON

APR [illegible]

UNITED STATES DISTRICT JUDGE

Hon. Louis L. Stanton, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
Courtroom 21C
New York, NY 10007-1312

Re: Securities and Exchange Commission v. Bernard L. Madoff, et al.
S.D.N.Y., No. 08 Civ. 10791 (LLS)

Dear Judge Stanton:

This letter shall serve as the response of Irving H. Picard (the "Trustee"), the Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") pursuant to the Securities Investor Protection Act, 15 U.S.C. 78aaa et seq. ("SIPA"), to this Court's Order of April 2, 2009, establishing a deadline to respond to the Motion for Partial Relief from the Court's February 9, 2009 Partial Judgment on Consent.

By their motion, Movants seek relief from the Court's injunction to permit them to file an involuntary bankruptcy petition against Bernard L. Madoff ("Mr. Madoff"). Movants seek this relief in order to "prevent duplicative and potentially inconsistent multiple litigations by creditors against Madoff, some of which have already been filed." Memorandum of Law, p. 4. Movants also express concern over the recent forfeitures conducted by the Justice Department and the silence by the Justice Department over what will happen with the forfeited property, whether it will be distributed to the victims of the fraud at BLMIS and if so, the manner in which it will be distributed.

The Trustee shares the concerns raised by Movants in their motion and supports their goal of fostering a coordination of efforts to maximize recoveries for those who invested with BLMIS. The Trustee has significant concerns, however, about a bankruptcy case being commenced against Mr. Madoff and the appointment of another fiduciary to administer Mr. Madoff's bankruptcy estate. In particular, the prospect of yet another fiduciary here could complicate further an already difficult situation, lead to even less coordination of efforts and increase dramatically the costs of the liquidation of the assets of BLMIS and Mr. Madoff, all to the detriment of the customer victims of Mr. Madoff's fraud. As such, the Trustee respectfully submits that to the extent possible,

the Court should explore alternatives to assuage the very legitimate concerns raised by Movants without the need for an involuntary bankruptcy petition against Mr. Madoff. One possible way to accomplish this might be to broaden the stay issued by the Court to enjoin all entities and persons from seizing Mr. Madoff's property. Such an injunction would enable the Trustee to pursue fraudulent transfer and other claims against Mr. Madoff and bring those assets into the SIPA proceeding for the benefit of the defrauded investors. In addition, the Trustee would also welcome a protocol with the Justice Department whereby any property seized by the government would be turned over to the Trustee for liquidation and sale so that the gross proceeds can be distributed to Mr. Madoff's victims through the efficient and economical mechanisms afforded by SIPA. As we have previously advised the Court and the parties, the SIPA statute provides that all administrative costs will be funded by SIPC cash advances to the Trustee and thus claimants will receive the gross proceeds of the liquidation of all assets. The Trustee, through SIPA therefore stands alone as the entity that can deliver maximum relief to victims from the liquidation of Mr. Madoff's assets.

To the extent that the Court finds that the filing of a bankruptcy case against Mr. Madoff is the appropriate manner in which to contend with the issues raised by Movants, the Trustee respectfully submits that any relief entered by this Court should be accomplished in a manner that assures that the criminal proceedings, the proceedings in this Court and the proceedings in the Bankruptcy Court are, to the maximum extent possible, coordinated and conducted under a protocol that assures the greatest recovery for the victims of BLMIS.

We stand ready to provide any additional information, should the Court require it.

This is an ECF case to which the Trustee is not a party. Accordingly, the Trustee respectfully requests that the Court direct that this letter be docketed.

Respectfully submitted,

David J. Sheehan

cc: Alexander M. Vasilescu, Esq. (by e-mail)
Marc Litt, Esq. (by e-mail)
[Ira Lee Sorkin, Esq., (by e-mail)]
Matthew Gluck, Esq. (by e-mail)
Jonathan Landers, Esq. (by e-mail)