To The Clerk of The Court:
Please docket and place
this document in the public file.

_LLS_ 4/9/09
Louis L. Stanton
U.S.D.J.

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

April 8, 2009

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _4-10-09_

RECEIVED IN CHAMBERS
OF LOUIS L. STANTON

APR - 8 2009

UNITED STATES DISTRICT JUDGE

BY HAND

Honorable Louis L. Stanton
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     **Securities and Exchange Commission v. Madoff et al.,**
        **08 Civ. 10791 (LLS)**

Dear Judge Stanton:

        As we have previously stated, this Office intends to maximize recovery for victims of the Madoff fraud by distributing forfeited property to those victims.  This Office therefore joins in the objection filed by the Securities and Exchange Commission ("SEC") to the motion filed on April 1, 2009 by certain third parties for partial relief from the permanent injunction ordered by the Court.  We do so both for the reasons set forth by the SEC and because the motion is premised on a fundamental misunderstanding of forfeiture and bankruptcy law.  Moreover, the motion, if granted, would risk detracting from the recovery to victims because funds otherwise available for return to victims by way of forfeiture would unnecessarily be used to pay the fees of a bankruptcy trustee.  To correct the erroneous premise of the movants' application, we describe below the Government's forfeiture powers in this case and the rights of third parties to object or intervene in forfeiture proceedings.

**The Government's Criminal Forfeiture Authority**

        On March 10, 2009, Bernard Madoff was charged in an Information that contained two forfeiture allegations relating to the securities, wire, mail and employee benefit plan fraud offenses and to the money laundering offenses.  On March 15 and 17, 2009, the Government gave notice that the property subject to forfeiture as alleged in the forfeiture allegations included Madoff's right, title and interest in 47 specifically enumerated assets, including three motor vessels, four pieces of real property, approximately $17 million in a Wachovia bank account, and $45 million in an account at Cohmad Securities Corp.

The first forfeiture allegation was made pursuant to 18 U.S.C. § 981, under which any property, of any kind, which constitutes or is derived from proceeds traceable to the securities fraud, wire fraud, mail fraud and employee benefit plan fraud offenses in the Information is subject to forfeiture to the United States. When, as here, the criminal defendant is convicted of the underlying offenses, "the court *shall* order the forfeiture of the property as part of the sentence in the criminal case." 28 U.S.C. § 2416(c) (emphasis supplied). The second forfeiture allegation was made pursuant to 18 U.S.C. § 982, which provides that "[t]he court, in imposing sentence on a person convicted of an offense in violation of 1956, [or] 1957 . . . of this title, *shall* order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property." 18 U.S.C. § 982(a)(1) (emphasis added).

Whether property is subject to forfeiture is determined by the District Court as part of the sentencing process, applying a preponderance-of-the-evidence standard. *See United States v. Fruchter*, 411 F.3d 377, 383 (2d Cir. 2005). If the Government can establish that property derived from (or, in certain cases, used to commit) a criminal offense belongs to the defendant but is held by a nominee, the government can forfeit the property. *United States v. Ida*, 14 F. Supp. 2d 454, 460-61 (S.D.N.Y. 1998) (person who ostensibly used his own money to buy property and titled it in his own name was nevertheless a straw owner; evidence showed that property was purchased for use of the defendant), *aff'd*, 181 F.3d 83 (2d Cir. 1999) (unpublished).

## Criminal Forfeiture Proceedings are Not Subject
## to an Automatic Stay in Bankruptcy Court

Under the well-established relation-hack doctrine, the Government's interest in forfeitable property vests at the time of the offense giving rise to the forfeiture, and the property subject to forfeiture is not estate property subject to an automatic stay. *See* 21 U.S.C. § 853(c) ("All right, title, and interest in [forfeitable] property . . . vests in the United States upon the commission of the act giving rise to forfeiture under this section."); *United States v. United States Currency*, 895 F.2d 908, 916 (2d Cir. 1990) (because "the forfeiture occurs when the crime is committed," a defendant has no interest in the forfeited property "as of that moment"). Accordingly, an automatic stay does not affect criminal forfeiture proceedings, which may continue unabated during the pendency of a bankruptcy.[1] The movants therefore suggest incorrectly that a bankruptcy action is the appropriate forum for the marshalling and distribution of assets to victims of the fraud.

---

[1] An automatic stay does not affect "the commencement or continuation of a criminal action or proceeding against the debtor." 11 U.S.C. § 362(a)(1). *See Petition of Smouha*, 136 B.R. 921, 928 (S.D.N.Y. 1992) (criminal forfeiture proceedings not subject to automatic stay by virtue of section 362(a)(1)). A stay also does not affect "the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power." 11 U.S.C. § 362(b)(4).

2

## The Criminal Forfeiture Procedure

The law and process under which the Government will return forfeiture proceeds to victims in this case would be the same as that employed in the many large-scale frauds prosecuted previously in this District. By way of background, criminal forfeiture proceedings are governed by 21 U.S.C. § 853 (other than section 853(d)) and Federal Rule of Criminal Procedure 32.2, which requires the entry of a preliminary order of forfeiture once a criminal defendant is convicted of the offenses giving rise to the forfeiture allegations. *See* 28 U.S.C. § 2461(c). The preliminary order divests the criminal defendant of any right in the property subject to forfeiture, and vests title in the Government, "without regard to any third party's interest in all or part of it." Fed. R. Crim. P. 32.2(b)(1) & (2). Following the forfeiture court's disposition of all petitions filed in the ancillary proceedings, or if no petitions are filed following the expiration of the requisite time periods, the court enters a final order of forfeiture and the United States has clear title to the property. *See* 21 U.S.C. § 853(n)(7); Fed. R. Crim. P. 32.3(b)(3) & (c)(2). The order may be amended at any time to include subsequently located property or property qualifying as substitute assets. *See* Fed. R. Crim. P. 32.2(e). Once the final order is entered, the Government then would complete the process of using the forfeited property for the benefit of victims.

That said, the criminal forfeiture procedures limit the ability of third parties such as unsecured creditors to defeat forfeiture. *See United States v. Holy Land Foundation*, 493 F.3d 469, 477 (5th Cir. 2007) (en banc) ("The criminal forfeiture statute is designed to balance the Government's interest in efficient and orderly prosecution with the rights of defendants and third parties who claim an interest in forfeitable property."). Third parties are barred both from intervening in a forfeiture case during an ongoing prosecution and from contesting the forfeiture in any other forum. *See* 21 U.S.C. § 853(k). Third parties can show a valid interest in property subject to forfeiture under section 853(n) in one of two ways. The third party "must either (a) have an interest in the property that is superior to the criminal defendant's because it arose prior to 'the time of the commission of the acts [that] gave rise to the forfeiture,' 21 U.S.C. § 853(n)(6)(A), or (b) be a 'bona fide purchaser for value' of the property who was 'reasonably without cause to believe that the property was subject to forfeiture' at the time of purchase, *id.* § 853(n)(6)(B)." *Pacheco* v. *Serendensky*, 393 F.3d 348, 353 (2d Cir. 2004).[2]

---

[2] In either case, the third party petitioner must have an interest in specific property. *See United States v. Ribadeneira*, 105 F.3d 833, 835-36 (2d Cir. 1997) (general creditors have no standing in ancillary proceeding because they have no interest "in" specific forfeited property; section 853(n) requires petitioners to demonstrate "an interest in a particular, specific asset, as opposed to a general interest in an entire forfeited estate or account"). The third party claimant must establish either that he had a superior right, title or interest in the property at the time the crime occurred, or that he acquired the property as a bona fide purchaser for value without cause to know that the property was subject to forfeiture. If the claimant fails to establish facts supporting his claim under one or the other of these theories, he is not entitled to any relief in the ancillary proceeding.

As set forth below under "Distribution of Forfeited Assets," however, victims, in contrast to third parties, do not have to participate in the adjudication of third party interests because victim interests are addressed through the remission and mitigation process of the Department of Justice.

In short, unsecured creditors have no ability to challenge the forfeiture proceedings, including whether particular property is subject to forfeiture. Aside from the ancillary proceedings described in section 853(n), there is no procedure for a third party to claim an interest in property subject to forfeiture, in any forum. Indeed, under section 853(k)(1) no third party has standing to intervene in the criminal case against Madoff except by filing a third-party petition pursuant to section 853(n)). Under section 853(k) (2) — since the case has been indicted and includes forfeiture allegations — no party may challenge the forfeiture or otherwise assert an interest in the property subject to forfeiture in any other forum. *Osborne v. United States (In re Global Venture)*, Adv. Proc. No. 04-2368-BKC-PGH-A, 2005 WL 2451763, at *2 (Bankr. S.D. Fla. June 1, 2005) ( "The *sole* remedy in which a third party such as the Bankruptcy Trustee may assert its alleged interest in property subject to forfeiture is to file a claim in the ancillary proceedings in the manner provided under 21 U.S.C. § 853(n)").[3]

## Distribution of Forfeited Assets

This Office fully intends to secure the maximum recovery for victims of the Madoff fraud by distributing forfeited property back to those victims.[4] Petitions for mitigation or remission of forfeiture are decided by the Chief of the Asset Forfeiture and Money Laundering Section of the Criminal Division of the Department of Justice ("AFMLS"), according to the criteria set forth in 28 C.F.R. Part 9. As set forth in the attached letter from the Chief of the AFMLS, it is the policy of the

---

[3]Other courts have uniformly held that creditors (even ones who are victims), trustees, plan administrators, and the like have no ability to challenge any aspect of forfeiture proceedings, except in the limited context of ancillary proceedings pursuant to section 853(n)(6). *See, e.g., United States v. Cambio Exacto, S.A.*, 116 F.3d 522 (2d Cir. 1999) (person to whom a money transmitter owes money lacks standing as a general creditor to contest forfeiture of money transmitter's account); *Lazarenko*, 476 F.3d 642, 648-51 (9th Cir. 2007) (liquidators appointed by High Court of Antigua in bankruptcy-like proceeding have no standing to contest criminal forfeiture); *BCCI Holdings*, 69 F. Supp. 2d at 59 n.26 ("A fraud victim who voluntarily transferred property to the defendant has a cause of action in tort against the defendant but has no greater interest in the forfeited property than does any other general creditor. Title to the funds in question no longer belongs to the victim; it belongs to the defendant."); *United States v. Holy Land Foundation*, 493 F.3d at 478.

[4] The SEC, in its opposition to the movants' application also filed today, "can state unequivocally that it will cooperate fully with the DOJ and the Securities Investor Protection Corporation ("SIPC") to ensure that any Madoff assets it recovers will be distributed to Madoff's victims and creditors, and that it expects that any assets forfeited by the DOJ or recovered by SIPC will likewise be distributed to Madoff's victims and creditors."

4

Office and the entire Department of Justice, consistent with the Crime Victims Act, to ensure that crime victims receive "full and timely restitution as provided in law."[5] Distribution of the forfeited property (or funds derived from the sale of the forfeited property) in this case from the Assets Forfeiture Fund to victims of the offenses is not subject to the bankruptcy priority rules given the Attorney General's exclusive authority to distribute forfeited property to victims pursuant to 21 U.S.C. § 853(i).

This Office also continues to work with the SIPC Trustee to maximize recovery for victims. Given this ongoing effort, and the principles described above, the relief sought by the movants is particularly inapt. It would both drain fees from the total recovery available to the victims of this offense and delay the recovery of victim funds given the principles set forth above.

## Conclusion

For the foregoing reasons, the motion should be denied.

Respectfully,

LEV L. DASSIN
Acting United States Attorney

By:    /s/ Sharon E. Frase
       Barbara A. Ward
       Sharon E. Frase
       Assistant United States Attorneys
       Telephone: (212) 637-1048/2329

---

[5]If it is efficient to do so, the Government may also contract with a special master to notify potential petitioners, process petitions, and make recommendations to the Chief of AFMLS regarding the distribution of forfeited property to petitioners. *See* 28 C.F.R. § 9.9(c).

5

cc (by electronic mail):

Jonathan M. Landers, Esq.
Matthew Gluck, Esq.
Brad N. Friedman, Esq.
Christopher A. Seeger, Esq.
Stephen A. Weiss, Esq.
Alexander M. Vasilescu, Esq.
Alistaire Bambach, Esq.
Andrew Calamari, Esq.
Ira Lee Sorkin, Esq.
Irving H. Picard, Esq.
Kevin Bell, Esq.
Josephine Wang, Esq.
David Sheehan, Esq.