

RECEIVED IN CHAMBERS
OF LOUIS L. STANTON

APR ... 2009

UNITED STATES DISTRICT JUDGE

# Baker Hostetler

To The Clerk of The Court:
Please docket and place
this document in the public file.

LLS 4/13/09
Louis L. Stanton
USDJ

April 13, 2009

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

David J. Sheehan
direct dial: 212.589.4616
dsheehan@bakerlaw.com

Hon. Louis L. Stanton, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
Courtroom 21C
New York, NY 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4-14-09

Re:  *Securities and Exchange Commission v. Bernard L. Madoff, et al.*
     *S.D.N.Y., No. 08 Civ. 10791 (LLS)*

Dear Judge Stanton:

As the Court is aware, Baker Hostetler serves as counsel to Irving H. Picard (the "Trustee"), the Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") pursuant to the Securities Investor Protection Act, 15 U.S.C. 78aaa *et seq.* ("SIPA"). We write with respect to the Court's Opinion dated April 10, 2009 (the "Opinion"). In the Opinion, the Court noted that there is a distinction under SIPA among those who invested in BLMIS directly as its customers and entities which invested through intermediaries. Opinion at 2. We respectfully disagree. In fact, there is no such distinction and all entities, whether they invested directly or through intermediaries, will benefit from the Trustee's liquidation of BLMIS on a pro rata basis. We do not seek any relief from the Court at this time but, instead, merely seek to provide clarification on this important point.

Entities invested in BLMIS in one of two ways. Some invested directly by opening an account with BLMIS while others invested in a so-called "feeder fund" which, in turn, invested in BLMIS by opening an account with BLMIS. Those who invested with feeder funds had no direct contractual relationship with BLMIS and BLMIS had no record or knowledge of the investors in the feeder fund. Instead, the relationship of such investors was only with the feeder fund and the feeder fund was the record holder of the investment with BLMIS. In each case, the entity that had an account with BLMIS is a "customer" for purposes of SIPA. *See* 15 U.S.C. § 78fff-2(e)(4); *see also Securities Investor Protection Corp. v. Morgan, Kennedy & Co., Inc.*, 533 F.2d 1314 (2d Cir. 1975)

Under SIPA, the Trustee is charged with liquidating the property of BLMIS to distribute it to customers and each customer will be entitled to its pro rata distribution of the gross

Honorable Louis L. Stanton, U.S.D.J.
April 13, 2009
Page 2

proceeds of the liquidation. The feeder funds' total investment in BLMIS is the aggregate of the claims of each entity that invested in the feeder fund. When calculating the pro rata distribution that each customer will receive, the Trustee's calculation will be based upon the aggregate of the allowed claims of customers which invested directly with BLMIS including the allowed claims of the feeder funds. The allowed claims of a feeder fund will be the aggregate of the amount invested by the feeder fund in BLMIS (net of any false profits distributed to the feeder fund by BLMIS prior to the commencement of the SIPA proceeding). It would therefore make no difference if each entity that invested in a feeder fund were given a direct claim since the total amount invested in BLMIS will be the same in each case. When the Trustee makes distributions, he will make them to customers including feeder funds which can then use the amounts they receive to make further distributions to investors in the feeder fund. Accordingly, each investor, no matter whether they invested directly or though a feeder fund, will ultimately receive its pro rata share of the liquidation either from the Trustee directly or indirectly from the feeder fund in which they invested.

The only difference in the rights of direct investors and indirect feeder fund investors revolves around section 78fff-3(a) of SIPA which authorizes the Securities Investor Protection Corporation ("SIPC") to make advances to the trustee to satisfy the allowed claims of customers up to $500,000. Under that section, only customers can receive benefit of a SIPC advance to the trustee. Accordingly, since those who invested through feeder funds are not in direct privity with BLMIS and are not customers, only the feeder fund itself, and not the indirect investors, are eligible for the SIPC advance. We note that the $500,000 payment comes directly from SIPC advances to the trustee and not from the proceeds of the liquidation. Therefore, these payments do nothing to upset the fact that proceeds of the liquidation will be distributed on a pro rata basis to direct and indirect customers.

We also note that it would be impossible to give feeder fund investors direct claims against BLMIS. As noted above, BLMIS has no knowledge or record of entities that indirectly invested with BLMIS through feeder funds. The Trustee would therefore have no ability to reconcile the claims filed by such entities with BLMIS's books and records or otherwise ascertain whether the claim as filed accurately sets forth the investor's claim. Given this issue and the importance of being able to reconcile the claims that are filed, it is quite common in hedge fund liquidations, whether under SIPA or otherwise, for only record holders, and not beneficial holders of claims, to be recognized by trustee and the court. For instance, in the non-SIPA Chapter 11 liquidation of Manhattan Investment Fund Ltd., another hedge fund Ponzi scheme case currently pending before Judge Lifland in the United States Bankruptcy for the Southern District of New York (Case No. 00-10922 (BRL)), that very mechanism was established by the chapter 11 trustee and endorsed by the bankruptcy court.

We stand ready to provide any additional information, should the Court require it.

Honorable Louis L. Stanton, U.S.D.J.
April 13, 2009
Page 3

This is an ECF case to which the Trustee is not a party. Accordingly, the Trustee respectfully requests that the Court direct that this letter be docketed.

Respectfully submitted,

David J. Sheehan

cc: Alexander M. Vasilescu, Esq. (by e-mail)
Marc Litt, Esq. (by e-mail)
Ira Lee Sorkin, Esq. (by e-mail)
Matthew Gluck, Esq. (by e-mail)
Jonathan Landers, Esq. (by e-mail)